[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 21, 2008
THOMAS K. KAHN
CLERK

No. 07-12412
Non-Argument Calendar

_____

D. C. Docket No. 06-00048-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAKOTA HARRIS, JR.,
a.k.a. June,
a.k.a. John,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 21, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Dakota Harris appeals his 188-month sentence for conspiracy to

manufacture, distribute and possess with intent to distribute less than 500 grams of cocaine, in violation of 18 U.S.C. § 846. Harris contends that his sentence is procedurally unreasonable because the district court did not state that the sentence it imposed was "not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a).[1]

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we review a defendant's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "[A] sentence may be reviewed for procedural or substantive unreasonableness." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). When reviewing the sentence for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S.___, 128 S. Ct. 586, 597 (2007).

---

[1] Harris also mentioned in his brief that his sentence was "substantively unreasonable," but provided no support for this argument. A party seeking to raise a claim or issue on appeal must raise it "plainly and prominently" or the issue is deemed abandoned. United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003). Since Harris makes only a passing reference to the substantive unreasonableness of his sentence, we deem the issue abandoned and will not address it here. See id.

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, ___U.S.___, 127 S. Ct. 2456, 2468 (2007). Generally, when sentencing inside the advisory guideline range, the district court is required neither to state explicitly that it has considered each of the § 3553(a) factors in open court, nor to give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citing Rita, ___U.S. at___, 127 S. Ct. at 2468–69); see also United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").

18 U.S.C. § 3553(a) provides that the district court "shall impose a sentence that is sufficient, but not greater than necessary," to comply with the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3

18 U.S.C. § 3553(a). Other factors that the sentencing court should consider under § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, and policy statements of the Sentencing Commission. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

Harris contends that his sentence was procedurally unreasonable because the district court failed to state that the sentence it imposed was "not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a). In deciding to sentence Harris to 188 months imprisonment, at the bottom of the guidelines range, the district court specifically stated that it had considered the § 3553(a) factors, the advisory guidelines range, and the Sentencing Commission's policy statements. The court then announced that it had "tailored the sentence to take into account the facts and circumstances surrounding this particular case." The court's failure to explicitly mention the "not greater than necessary" language in § 3553(a) alone does not demonstrate that the court imposed a sentence in a procedurally unreasonable manner. See Agbai, 497 F.3d at 1230; Scott, 426 F.3d at 1329. Harris has therefore failed to show that the sentence was not the product of reasoned decision making, and we affirm the sentence as procedurally reasonable.

4

**AFFIRMED.**